**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re IRENE H. LIN,<br><br>　　　　　　Debtor, | Bankruptcy Action No. 13-20829 |
| IRENE H. LIN,<br><br>　　　　　　Appellant,<br><br>　　　　　　v.<br><br>BARRY SHARER, Trustee,<br><br>　　　　　　Appellee. | **ON APPEAL FROM THE BANKRUPTCY COURT OF THE DISTRICT OF NEW JERSEY**<br><br>Civil Action No. 15-8232 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

　　This matter comes before the Court on Appellee Barry Sharer's ("Trustee") motion to dismiss the appeal of Appellant Irene H. Lin ("Debtor") and for the imposition of sanctions upon Debtor's attorney, Jay J. Lin, Esq., pursuant to 28 U.S.C. § 1927 and Rule 8020(a) of the Federal Rules of Bankruptcy Procedure. (ECF No. 6.) In the Notice of Appeal, Debtor states that she is appealing the bankruptcy court orders entered on November 5, 2015 and November 8, 2015. (ECF No. 1.) After careful consideration of the parties' submissions, and for the reasons set forth below, the Court grants Trustee's motion to dismiss Debtor's appeal and for sanctions.

I.  **Motion to Dismiss Debtor's Appeal as to the November 3, 2015 Order**[1]

The Notice of Appeal states that Debtor appeals the "Orders Denying Discharge" entered on November 5, 2015 and November 8, 2015. (Notice of Appeal, ECF No. 1.) The Court notes, however, that an order denying Debtor's discharge was not entered on November 8, 2015. (Appellant's Moving Br., Ex. A, ECF No. 4-2.) Therefore, the Court will address only Trustee's motion to dismiss Debtor's appeal of the November 3, 2015 order (the "Order"), which Debtor referred to as the November 5, 2015 order.[2] (*Id.*)

Pursuant to Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure, absent a request to extend the time to appeal, a notice of appeal must be filed within fourteen days of the date of the entry of the order appealed from. Fed. R. Bankr. P. 8002(a)(1). Here, without moving to extend the time to file the notice of appeal, Appellant filed the notice of appeal on November 20, 2015, fifteen days after the Order was entered. (ECF No. 1.) Thus, the appeal of the Order is untimely. Accordingly, given that the "prescribed timeline within which an appeal from a bankruptcy court must be filed is mandatory and jurisdictional," *In re Caterbone*, 640 F.3d 108, 110 (3d Cir. 2011), the Court lacks jurisdiction to hear this appeal.

II.  **Motion for the Imposition of Sanctions**

A.  **28 U.S.C. § 1927 Sanctions**

Section 1927 provides that "[a]ny attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and

---

[1] The Court assumes familiarity with the facts, which are set forth in detail in *Lin v. Neuner*, No. 14-5230 (FLW) (D.N.J. Apr. 16, 2015).
14-5230 (FLW) (D.N.J. Apr. 16, 2015).

[2] The Order was dated and filed by the Bankruptcy Court on November 3, 2015, and entered on the docket on November 5, 2015.

attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To impose sanctions pursuant to § 1927, a court must find that an attorney has "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Prosser*, 777 F.3d 155, 162 (3d Cir. 2015) (quoting *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 187 (3d Cir. 2002).

Here, Debtor's attorney has already filed numerous appeals regarding his client's bankruptcy proceedings. All of these appeals were dismissed by the Court for failure to follow applicable rules of procedure, including: failure to file within the applicable time limits an appeal and appealable order (*Lin v. Sharer*, No. 15-1335 (MAS) (D.N.J. Oct. 30, 2015)); failure to file within the applicable time limits (*Lin v. Neuner*, No. 14-5230 (FLW) (D.N.J. Apr. 16, 2015)); failure to demonstrate jurisdiction (*Lin v. Sharer*, No. 14-1819 (MAS) (D.N.J. Oct. 10, 2014)); and failure to designate any record for appeal (*Lin v. Neuner*, No. 14-4204 (JAP) (D.N.J. July 10, 2014)).

In addition, courts in this district have twice imposed sanctions upon Debtor's attorney pursuant to 28 U.S.C. § 1927 and Rule 8020(a) of the Federal Rules of Bankruptcy Procedure. *See Lin v. Sharer*, No. 15-1335 (MAS) (D.N.J. Oct. 30, 2015); *Lin v. Neuner*, No. 14-5230 (FLW) (D.N.J. Apr. 16, 2015). Debtor's counsel appealed the Court's April 16, 2015 order imposing sanctions to the Third Circuit. *In re Lin*, No. 15-2106, 2016 WL 1697641, at *1 (3d Cir. Apr. 28, 2016). The Third Circuit upheld the Court's order affirming the bankruptcy court's award of sanctions against Debtor. *Id.* Despite the Court's aforementioned dismissals of Debtor's appeals for failure to follow the applicable rules of procedure and the imposition of sanctions upon Debtor's attorney, the present untimely appeal was filed. Thus, counsel's duplicative

appeals and repeated failures to follow the applicable rules of procedure have multiplied proceedings in an unreasonable and vexatious manner, thereby increasing the cost of the proceedings.

Furthermore, given the Court's decisions on Debtor's previous appeals that addressed the procedural requirements for appeals—namely the time limits for filing an appeal—counsel has again acted in bad faith by filing an untimely appeal of the Order. The Court recognizes that "courts should exercise [its] sanctioning power only in instances of a serious and studied disregard for the orderly process of justice," and finds that in light of previous holdings sanctions are warranted. *In re Prosser*, 777 F.3d at 161 (quoting *LaSalle Nat'l Bank v. First Conn. Holding Grp. LLC*, 287 F.3d 279, 288 (3d Cir. 2002)).

    **B.**    **Federal Rule of Bankruptcy Procedure 8020(a) Sanctions**

Rule 8020(a) of the Federal Rules of Bankruptcy Procedure provides that "[i]f the district court . . . determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. Bankr. P. 8020(a). Here, as discussed above, the Court finds that despite counsel for Debtor's awareness of the applicable rules of procedure for filing a timely appeal, his appeal was untimely, and thus frivolous. Furthermore, Debtor's attorney provided no explanation as to why the appeal of the Order was non-frivolous. Thus, the Court finds that the filing of this appeal warrants sanctions.

### III.  Conclusion

For the reasons set forth above, the Court grants Trustee's motion to dismiss Debtor's appeal and for sanctions. An order consistent with this Memorandum Opinion will be entered.

                                                  /s/ Michael A. Shipp
                                                  **MICHAEL A. SHIPP**
                                                  **UNITED STATES DISTRICT JUDGE**

**Dated:** July 21, 2016